# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR, III,<br><br>        Plaintiff,<br><br>   v.<br><br>SANTURO, *et al.*,<br><br>        Defendants. | Case No. 1:20-cv-00395-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED<br><br>(ECF No. 7)<br><br>**FOURTEEN (14) DAY DEADLINE** |

     Plaintiff David Sabino Quair, III ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on March 12, 2020, in the Sacramento Division of the United States District Court for the Eastern District of California. (ECF No. 1.) This action was transferred to the Fresno Division on March 18, 2020. (ECF No. 3.) On March 19, 2020, the Court ordered Plaintiff to submit a completed application to proceed *in forma pauperis* or pay the filing fee to proceed with this action. (ECF No. 5.) Currently before the Court is Plaintiff's motion to proceed *in forma pauperis*, filed April 6, 2020. (ECF No. 7.)

     Plaintiff is subject to 28 U.S.C. § 1915(g), which provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior

1

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

The Court has reviewed Plaintiff's complaint and finds that his allegations do not satisfy the imminent danger exception to section 1915(g).[2] Andrews v. Cervantes, 493 F.3d 1047, 1053−55 (9th Cir. 2007). Plaintiff raises claims regarding denial of access to courts, disciplinary proceedings, excessive force by an officer, threat to safety, medical care, and retaliation. (ECF No. 1.) All of the named defendants are employees of North Kern State Prison in Delano, California. However, at the time the complaint was filed, Plaintiff was housed at California Men's Colony in San Luis Obispo, California. Therefore, Plaintiff has failed to allege that he was in any imminent danger of serious physical injury at the time the complaint was filed, because he is no longer housed at the institution where the violations allegedly occurred. Plaintiff has not satisfied the exception from the three strikes bar under 28 U.S.C. § 1915(g), and Plaintiff must pay the $400.00 filing fee if he wishes to litigate this action.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

///

---

[1] The Court notes that Plaintiff claims to have filed more than fifty lawsuits while incarcerated. (ECF No. 1, p. 2.) The Court also takes judicial notice of the following United States District Court Cases: (1) Quair v. CDCR – Office of Internal Affairs, Case No. 3:19-cv-03136-JD (N.D. Cal.) (dismissed November 6, 2019, for failure to state a claim following failure to file an amended complaint in response to a screening order dismissing complaint for failure to state a claim); (2) Quair v. Garratt, Case No. 3:19-cv-08420-JD (N.D. Cal.) (dismissed January 23, 2020, as duplicative of pending *habeas* case, where bar was apparent on face of complaint and complaint sought only damages); (3) Quair v. United States Dist. Ct., Case No. 8:19-cv-02392-JLS-DFM (C.D. Cal.) (dismissed February 28, 2020, as frivolous); and (4) Quair v. San Mateo Cty. Jail, Case No. 3:19-cv-08421-JD (N.D. Cal.) (dismissed March 9, 2020, for failure to state a claim).
The Court also takes judicial notice of the following United States Court of Appeals case: Quair v. Fuller, Case No. 19-16522 (9th Cir.) (dismissed November 20, 2019, as frivolous).
See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted); Washington v. L.A. Cty. Sheriff's Dep't, 833 F.3d 1048, 1057 (9th Cir. 2016) (a dismissal as Heck-barred may count as a strike if the Heck bar is apparent on the face of the complaint and the case seeks only damages as opposed to injunctive relief).

[2] The Court expresses no opinion on the merits of Plaintiff's claims.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed *in forma pauperis* (ECF No. 7) be DENIED, pursuant to 28 U.S.C. § 1915(g); and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 8, 2020**          /s/ Barbara A. McAuliffe
                                  UNITED STATES MAGISTRATE JUDGE